******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# ALDIN ASSOCIATES LIMITED PARTNERSHIP
## *v.* JANNAT, LLC, ET AL.
### (AC 48753)

Cradle, C. J., and Alvord and Eveleigh, Js.

*Syllabus*

The plaintiff appealed from the trial court's judgment dismissing his action that sought an injunction to prevent the defendants from constructing a gasoline station on real property owned by the named defendant. The plaintiff claimed, inter alia, that the court improperly determined that it lacked subject matter jurisdiction over his complaint on the ground that he had failed to exhaust his administrative remedies. *Held*:

This court concluded that the plaintiff's claims were unavailing, as they were without merit.

Argued April 9—officially released May 12, 2026

*Procedural History*

Action seeking temporary and permanent injunctions preventing the named defendant from constructing a gasoline station on certain real property, and other relief, brought to the Superior Court in the judicial district of New London, where the court, *Chadwick*, *J.*, granted the defendants' motions to dismiss and rendered judgment thereon; thereafter, the court, *Chadwick*, *J.*, denied the plaintiff's motion for reconsideration, and the plaintiff appealed to this court. *Affirmed*.

*Kyle J. Zrenda*, for the appellant (plaintiff).

*Linda L. Morkan*, with whom were *Ryan D. Hoyler* and, on the brief, *Brian R. Smith*, for the appellees (defendants).

*Opinion*

PER CURIAM. In this action for injunctive relief to prevent the construction of a gasoline station, the plaintiff, Aldin Associates Limited Partnership, appeals from the judgment of dismissal, and the denial of its motion for reconsideration, rendered by the trial court in favor of the defendants, Jannat, LLC (Jannat), Walter Craven, Paul Rich, and Martin McKinney. The plaintiff claims

on appeal that the court improperly determined that it lacked subject matter jurisdiction over the plaintiff's complaint on the ground that it had failed to exhaust its administrative remedies.[1] We affirm the judgment of the trial court.

The following procedural history is relevant to our disposition of this appeal. The plaintiff commenced the present action in April 2024, seeking injunctive relief to prevent the construction of a gasoline station. Jannat filed a motion to dismiss, in which it alleged that the court lacked subject matter jurisdiction over the plaintiff's complaint on the ground that the plaintiff had failed to exhaust its administrative remedies, and a memorandum of law in support of its motion to dismiss.[2] Jannat noted that the plaintiff "is actively pursuing these administrative remedies in not one, but three separate appeals of administrative actions taken by the Planning and Zoning Commission of the Town of Stonington and the Inland Wetlands Agency of the Town of Stonington." (Emphasis omitted.) The plaintiff filed a memorandum of law in opposition to the motion to dismiss, and Jannat filed a reply.

In its March 25, 2025 memorandum of decision dismissing the plaintiff's complaint, the court noted that the plaintiff owns "a parcel of improved real property, which includes a gasoline station," which is situated "a short distance" from property located at 54 South Broad Street in Stonington and owned by Jannat, which develops gasoline stations and convenience stores. Jannat received approval for a wetlands permit to redevelop its property with a convenience store and gasoline pumps, a canopy, and associated parking. The plaintiff appealed

---

[1] The plaintiff also responds to the defendants' proposed alternative grounds for affirmance, which we need not reach.

[2] The defendants Craven, Rich, and McKinney are tradesmen who are alleged to have applied for or are noted on permits for various work at the Jannat property. Craven, Rich, and McKinney also filed a motion to dismiss, in which they adopted the arguments contained within Jannat's motion to dismiss and its memorandum of law in support of its motion to dismiss.

the approval of the application. Following an amendment to the prior wetlands permit, the plaintiff, as an intervenor, again appealed. The plaintiff also appealed an approval of a certificate of location approval by the Planning and Zoning Commission.

The court in the present action took judicial notice that the plaintiff has "pending cases on the same issues in multiple separate appeals."[3] The court next considered Jannat's assertion that the plaintiff had not exhausted its administrative remedies because of the multiple pending appeals, and the plaintiff's response that an exception to the exhaustion of administrative remedies doctrine applied on the basis that its complaint sought equitable relief. The court rejected the plaintiff's argument, explaining that "the plaintiff has not alleged that it suffered any specific damages yet. Instead, the complaint alleges that the construction of the new gasoline station will cause irreparable harm to the plaintiff." Because the plaintiff had not pleaded special damages in support of its request for equitable relief, the court stated that "the issue of an alleged nuisance [was] thus not yet ripe for adjudication." Accordingly, the court concluded that the exception to the doctrine of exhaustion of administrative remedies had not been satisfied and the court lacked subject matter jurisdiction over the complaint. The plaintiff filed a motion for reconsideration, which was denied. This appeal followed.

On appeal, the plaintiff argues that the court improperly **(1)** addressed the sufficiency of the pleadings as a jurisdictional issue, and (2) determined that the plaintiff's complaint did not satisfy the exception to the exhaustion of administrative remedies doctrine. Having

[3]See *Aldin Associates Ltd. Partnership* v. *Inland Wetlands Commission*, Superior Court, judicial district of New London, Docket No. CV-24-6065897-S; *Aldin Associates Ltd. Partnership* v. *Planning & Zoning Commission*, Superior Court, judicial district of New London, Docket No. CV-23-6064643-S; *Aldin Associates Ltd. Partnership* v. *Inland Wetlands Commission*, Superior Court, judicial district of New London, Docket No. CV-23-6063374-S.

reviewed the record and the briefs of the parties, we conclude that the plaintiff's claims are without merit.

The judgment is affirmed.